UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FAISAL SHAIBU,

                Plaintiff,

     -against-

NCO FINANCIAL SYSTEMS, INC.,

                Defendant(s).
---------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff FAISAL SHAIB ("Plaintiff"), by and through his attorneys, M. Harvey Rephen &
Associates, P.C., as and for its Complaint against the Defendant NCO FINANCIAL
SYSTEMS, INC. hereinafter referred to as Defendant(s)", respectfully sets forth,
complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and
injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the
United States Code, commonly referred to as the Fair Debt Collections Practices Act
("FDCPA").

## PARTIES

2.    Plaintiff is a resident of the State of New York, residing at 5 Metropolitan
Oval, Bronx, N.Y. 10462.

3.    Defendant NCO Financial Systems, Inc. is a corporation with a business
address at 507 Prudential Road, Horsham, Pennsylvania 19044.

4.    Defendant is a "debt collector" as the phrase is defined and used in the
FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

8.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10.    The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11.    There are questions of law and fact which are common to the Class and

which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.   Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.   Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.   Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### FACTUAL ALLEGATIONS

20.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21   The Plaintiff received a demand letter from the Defendant dated August 17th, 2010.

22.   The Defendant's demand letter stated: "Scheduled Payment Amount: $120.00   Date Due: 08/31/10."

23.   The Defendant's demand letter further stated: "Your regularly scheduled payment is now due according to the terms you arranged with our office."

24.   The Defendant's demand letter further states in extremely small writing as not to be noticeable or even readable at first glance the current balance due of $166.65.

25.   The Plaintiff never communicated with the Defendant before and this was the first contact he had received from them. Further the Plaintiff never scheduled any

payments with the Defendant and never made any arrangements with the Defendant's office.

26.     The Defendant's statements as enumerated in paragraphs 22 and 23 are outright lies, false, deceptive and misleading and violated 15 USC §1692e – preface and e10 which prohibit a debt collector from using any false, deceptive, or misleading representation or means in connect with the collection of any debt.

27.     The Defendant in a conversation with the Plaintiff on September 24th, 2010 further admitted that a) no payments were ever made by the Plaintiff; b) that there might have been an offer of settlement; c) that no payments were ever scheduled.

28.     The Defendant's letter which is mass produced and sent to the Class was the use of a deceptive, false, and misleading communication in connection with the collection of a debt and therefore harmed the class.

29.     The Defendant further sent this mass produced and mailed letter to the Class without reviewing any files or realizing that they were sending it to a Class that had never made or arranged any payments ever.

30.     The Defendant's use of an extremely small font that is not noticeable or readable stating the Current balance – which is actually the whole amount due as no payment was ever made is a deceptive means in attempting to collect a debt because the least sophisticated consumer would read this letter and see a scheduled payment of a sum that is approximately 75% of the total due and think that it was one payment of many and that the debt must be much greater if this payment is the demanded amount.

31.   The Defendant's use of such a small font violated 15 USC §1692e –preface and e(10) by using a deceptive and misleading representation and means in connection with the collection of a debt. This violation is in all of the Defendant's letters and therefore

applies to the Class as a whole.

32.     The Defendant further violated 15 USC §1692e – preface and e(10) by using a deceptive means in connection with the collection of a debt by stating "Unless you take action, we will proceed with further collection activity on your bad debt." As the Defendant no longer has this account, and did have it for approximately six months, and no further collection activity was taken this was a deceptive, false and misleading statement.

33.     The Defendant further violated 5 USC §1692f – preface by using an unfair and unconscionable means to collect a debt.

34.     Therefore due to the Defendant's violations of the FDCPA the Plaintiff and the Class have been damaged.

### FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

35.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

36.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e – preface and e(10), and 15 USC §1692f – preface.

37.     As a result of Defendant's violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

38.     Plaintiff ABDUL SHAIBU hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff FAISAL SHAIBU demands judgment from the Defendants as follows:

        A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

        B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

        C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

        D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

        E.    A declaration that the Defendant's practices violated the FDCPA;

        F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      New York, New York
               September 27th, 2010

                        Respectfully submitted,

                        By:_____
                        M. Harvey Rephen, (MR3384), Esq.
                        M. HARVEY REPHEN & ASSOCIATES, P.C.
                        708 Third Avenue, 6th Floor
                        New York, New York 10017
                        Phone:   (212) 796-0930
                        Facsimile: (212) 330-7582

                        *Attorney for the Plaintiff Faisal Shaibu*

To:     NCO Financial Systems, Inc.
        507 Prudential Road, Horsham,
        Pennsylvania 19044


        *(Via Prescribed Service)*
        Clerk,
        United States District Court, Southern of New York
        *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE NO.:

FAILSAL SHAIBU,

                              Plaintiff(s),

          -against-

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant(s).

---

## COMPLAINT

---

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (212) 330-7582*

---